IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN SOLIS,

    Petitioner,                    No. CIV S-10-0637 FCD DAD P

    vs.

MIKE McDONALD,

    Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 11, 2010, the court issued findings and recommendations, recommending that this action be dismissed due to petitioner's failure to file an amended application pursuant to the court's March 31, 2010 order. Now pending before the court is petitioner's amended application for writ of habeas corpus.

        After reviewing petitioner's amended application for writ of habeas corpus, the court is unable to determine whether petitioner has exhausted his claims before the California Supreme Court prior to the filing of this action. Specifically, in his form application for habeas relief, petitioner concedes that he did not raise any of his present claims in his state court appeal from his conviction. Moreover, petitioner indicates that he has not filed a petition for review or a habeas application with the California Supreme Court.

The court hereby advises petitioner that the exhaustion of available state court remedies is a prerequisite to a federal court's consideration of his claims presented in a habeas corpus proceeding. 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509, 102 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Failure to exhaust state judicial remedies is ground for dismissal of a federal habeas petition without prejudice. Accordingly, the court will grant petitioner leave to file a second amended application for writ of habeas corpus. If petitioner files a second amended application, he is directed to clearly allege therein whether prior to instituting this action he has exhausted his state court remedies with respect to any claims set forth in his federal petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's May 11, 2010 findings and recommendations (Doc. No. 8) are vacated; and

2. Petitioner's May 18, 2010 amended application for writ of habeas corpus (Doc. No. 9) is dismissed without prejudice;

3. Petitioner is granted thirty days from the date of this order to file a second amended application for writ of habeas corpus. Any second amended petition must bear the case number assigned to this action and be titled "Second Amended Petition"; and

4. The Clerk of Court is directed to send petitioner the court's form application for a writ of habeas corpus.

DATED: June 1, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
soli0637.vac