IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN SOLIS,

    Petitioner,                      No. CIV S-10-0637 FCD DAD P

    vs.

MIKE McDONALD,

    Respondent.                   ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's second amended petition, filed in accordance with the court's June 1, 2010 order dismissing his first amended petition with leave to amend. In that order the court observed that it was unable to determine whether petitioner had exhausted his claims by presenting them to the California Supreme Court prior to filing this federal habeas action.

        In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available [to him] in the courts of the State." 28 U.S.C. § 2254(b)(1). A federal petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Wooten v. Kirkland, 540 F.3d 1019, 1025

1

1  (9th Cir. 2008). A federal claim is fairly presented in this regard if the petitioner has described
2  the operative facts and the federal legal theory upon which his claims is based. See Wooten, 540
3  F.3d at 1025; Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004).
4          Upon reviewing the second amended petition, the court has determined that it
5  contains both exhausted and unexhausted claims and is therefore "mixed." Specifically,
6  petitioner's first claim that he received ineffective assistance of counsel (Pet. at 5-6) has not
7  been fairly presented to the California Supreme Court. In contrast, petitioner's second claim,
8  wherein he challenges the sufficiency of the evidence introduced at his trial (Pet. at 3-6), has
9  been exhausted.[1] Because his second amended petition is "mixed," petitioner may proceed in
10  one of the following ways: (1) he may elect to file a motion for a stay and abeyance in this court
11  and return to state court to exhaust his unexhausted claim; (2) he may elect to abandon his
12  unexhausted claim and proceed solely on his exhausted claim in this court; or (3) he may move to
13  voluntarily dismiss this action and, after exhausting his first claim by presenting it to the
14  California Supreme Court, file a new federal petition presenting all his claims.
15          As noted, petitioner may elect to seek a stay and abeyance order to allow him to
16  return to state court to exhaust his unexhausted claims. The Ninth Circuit has analyzed the two
17  procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted
18  claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit
19  explained "the Kelly procedure," which it had originally outlined in Kelly v. Small, 315 F.3d
20  1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted
> claims, (2) the court stays and holds in abeyance the amended, fully
> exhausted petition, allowing petitioner the opportunity to proceed
> to state court to exhaust the deleted claims, and (3) petitioner later

23  /////

---

[1] Petitioner alleges that his second ground for relief has not been presented to the highest state court. (Pet. at 6.) However, he indicates to the contrary in another section of his petition. (See Pet. at 3.) The court has referred to the California Supreme Court's website, and it appears that petitioner has exhausted this claim. (See Case No. S160222.)

2

                amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

        As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his federal petition.  See King, 564 F.3d at 1140.  However, the United States Supreme Court cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.  In addition,

federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78. Thus, in seeking stay and abeyance under the Rhines procedure, petitioner's motion must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Id. at 277-78.

Second, petitioner may elect to abandon the unexhausted claims set forth in his petition before this court without seeking a stay and abeyance order and proceed solely on his one exhausted claim. If petitioner wishes to proceed in this manner he must file a third amended petition containing only his exhausted claim. The third amended petition must bear the docket number assigned to this case and must be labeled "Third Amended Petition." The court, however, cautions petitioner that if he elects to proceed in this way, he will risk forfeiting future consideration of his unexhausted claims. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rule 9(b), Rules Governing Section 2254 Cases.

Finally, petitioner may move to voluntarily dismiss this action and complete exhaustion of his unexhausted claims and then file a new federal petition presenting all of his exhausted claims. Petitioner is advised, however, that if he chooses this option, any future federal petition for writ of habeas corpus may very well be time barred. The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

In accordance with the above, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall inform the court how he intends to proceed by filing a

motion for a stay and abeyance, a third amended petition, or a motion to voluntarily dismiss this action.  Failure to comply with this order will result in the court recommending that this action be dismissed without prejudice.

DATED: July 29, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
soli0637.osc