1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALLEN SOLIS,

11              Petitioner,              No. CIV S-10-0637 FCD DAD P

12        vs.

13   MIKE McDONALD,

14              Respondent.              ORDER

15   _____/

16              Petitioner, a state prisoner proceeding pro se, is seeking a writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  By order filed July 30, 2010, the court determined that petitioner's

18   second amended petition contains exhausted and unexhausted claims and is therefore "mixed."

19   Accordingly, the court advised petitioner that he could proceed by: (1) filing a motion for a stay

20   and abeyance under the Kelly procedure; (2) filing a motion for a stay and abeyance under the

21   Rhines procedure; (3) abandoning his unexhausted claims, while proceeding on his exhausted

22   claims; or (4) voluntarily dismissing this action.  On September 2, 2010, petitioner moved to stay

23   this action.  Petitioner, however, has not indicated in his motion whether he wishes to proceed by

24   the Kelly or the Rhines procedure.

25              As the court thoroughly explained in its previous order, the Ninth Circuit has

26   analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted

1

and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the

Ninth Circuit explained "the Kelly procedure," which it had originally outlined in Kelly v. Small,

315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted
> claims, (2) the court stays and holds in abeyance the amended, fully
> exhausted petition, allowing petitioner the opportunity to proceed
> to state court to exhaust the deleted claims, and (3) petitioner later
> amends his petition and re-attaches the newly-exhausted claims to
> the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be

able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's

newly-exhausted claims are untimely, he will only be able to amend his petition to include them

if they share a "common core of operative facts" with the claims in his original petition.  In this

regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for

a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring

during a stay.  See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75

(2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not

toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has

authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277

(2005).  Under the Rhines procedure, the petitioner need not amend his petition to delete

unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his

unexhausted claims remain pending in federal court while he returns to state court to exhaust

them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines

concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to

return to state court to present unexhausted claims.").  A petitioner who elects to proceed under

the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his

federal petition.  See King, 564 F.3d at 1140.  However, the United States Supreme Court

1  cautioned that a "stay and abeyance [under the <u>Rhines</u> procedure] should be available only in

2  limited circumstances," and "district courts should place reasonable time limits on a petitioner's

3  trip to state court and back." <u>Rhines</u>, 544 U.S. at 277-78.  The Supreme Court explained that

4  district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or

5  intentional delay or if the unexhausted claims are plainly meritless.  <u>Id.</u> at 278.  In addition,

6  federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed

7  on a petitioner's return to state court to exhaust additional claims.  <u>Id.</u> at 277-78.   Thus, in

8  seeking stay and abeyance under the <u>Rhines</u> procedure, petitioner's motion must: (1) show good

9  cause for his failure to exhaust all his claims before filing this action; (2) explain and

10  demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any

11  pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently

12  pursued his unexhausted claim.  <u>Id.</u> at 277-78.

13         Accordingly, IT IS HEREBY ORDERED that:

14         1.  Petitioner's September 2, 2010 motion to stay this case (Doc. No. 14) is denied

15  as incomplete;

16         2.  Within twenty-eight days of the date of this order, petitioner shall file a

17  renewed motion for a stay and abeyance that explicitly indicates whether he wishes to proceed

18  under the <u>Kelly</u> or <u>Rhines</u> procedure; and

19         3.  If petitioner elects to proceed under the <u>Rhines</u> procedure, in his renewed

20  motion for a stay and abeyance he must also: (1) show good cause for his failure to exhaust all

21  his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is

22  /////

23  /////

24  /////

25  /////

26  /////

1   potentially meritorious; (3) describe the status of any pending state court proceedings on his

2   unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim.

3   DATED: September 8, 2010.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:sj
    soli0637.osc.2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4