IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN SOLIS,

        Petitioner,               No. CIV S-10-0637 FCD DAD P

   vs.

MIKE McDONALD,

        Respondent.        ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 30, 2010, the court determined that petitioner's second amended petition is a "mixed" petition presenting both exhausted and unexhausted claims and advised petitioner that he could proceed by: (1) filing a motion for a stay and abeyance under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); (2) filing a motion for a stay and abeyance under Rhines v. Weber, 544 U.S. 277 (2005); (3) abandoning his unexhausted claims, while proceeding on his exhausted claims; or (4) voluntarily dismissing this action. On September 2, 2010, petitioner moved to stay this action. However, petitioner failed to indicate in his motion whether he wished to seek a stay under the procedure set forth in Kelly or the Rhines procedure. Accordingly, the court denied petitioner's motion as incomplete and instructed him to file a renewed motion for a stay and abeyance that explicitly indicated whether he wished to proceed

under the Kelly or the Rhines procedure.

In response to the court's order, petitioner has filed a motion in which he merely states "Motion to proceed under the Rhines procedure." As the court previously advised petitioner, in seeking stay and abeyance under the Rhines procedure, petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277-78. In his motion, petitioner has not addressed any of these foregoing requirements. Accordingly, the court will deny petitioner's motion for a stay without prejudice to filing a renewed motion once more.

Petitioner has also filed a motion to amend his petition to name F.P. Field as the respondent in this action. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). F.P. Field would not be the proper respondent in this action. Petitioner is advised that the proper respondent in the usual habeas action is the warden of the institution where the petitioner is currently incarcerated. See Stanley, 21 F.3d at 360. Accordingly, the court will deny petitioner's motion to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's renewed motion for a stay and abeyance (Doc. No. 16) is denied without prejudice;

2. Within thirty days of the date of service of this order, petitioner shall file a renewed motion for a stay and abeyance. The motion must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court

/////

proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim.

    3. Petitioner's motion to amend (Doc. No. 22) is denied.

DATED: March 9, 2011.

                                   /s/ Dale A. Drozd
                                   DALE A. DROZD
                                   UNITED STATES MAGISTRATE JUDGE

DAD:9
soli0637.msty