IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN SOLIS,

    Petitioner,                   No. CIV S-10-0637 KJM DAD P

    vs.

MIKE MCDONALD, Warden,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's second amended petition and third motion for a stay and abeyance.

**BACKGROUND**

        On March 18, 2010, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging a judgment of conviction originally entered against him in 2006 by the Sacramento County Superior Court. On March 31, 2010, the court dismissed petitioner's original petition with leave to file an amended petition because the allegations of the original petition failed to clearly identify the grounds upon which petitioner sought federal habeas corpus relief.

/////

1

In response to the court's order, petitioner filed an amended petition. However, in his form petition, petitioner conceded that he did not raise any of his federal habeas corpus claims on appeal in state court. He also indicated that he had not filed a petition for review with the California Supreme Court. On June 1, 2010, the court dismissed petitioner's amended petition and granted him leave to file a second amended petition. The court instructed petitioner to clearly allege in any second amended petition whether he had exhausted his state court remedies with respect to his habeas claims prior to instituting this action.

In accordance with the court's order, petitioner filed a second amended petition. On July 30, 2010, the court determined that the petition was a "mixed" petition in that it contained both an exhausted and an unexhausted claim. The court instructed petitioner that he could proceed on his exhausted claim or elect to file a motion for a stay and abeyance in this court and return to state court to exhaust his unexhausted claim. In response to the court's order, petitioner filed a motion for stay and abeyance. On September 9, 2010, the court denied petitioner's motion without prejudice because it was not clear from the motion whether this court should exercise its discretion to stay this action. In due course, petitioner filed a renewed motion for a stay and abeyance. Again, the court denied petitioner's motion for a stay without prejudice to refiling because it was not clear whether petitioner was entitled to such relief. Now pending before the court is petitioner's third motion for a stay and abeyance.

### SCREENING

Upon review of petitioner's second amended petition and third motion for a stay and abeyance, the court has determined that this action should be dismissed in its entirety as untimely. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4;

a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

Moreover, the Ninth Circuit has held that a district court may dismiss sua sponte a habeas petition on the grounds that it is untimely under the statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  See Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001).  These findings and recommendations are intended to notify petitioner of the court's intention to dismiss this action on the ground that the pending petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  If petitioner desires to respond and demonstrate to the court that he has filed this action within the applicable statute of limitations or is eligible for statutory or equitable tolling of the limitations period, he may do so by filing objections to these findings and recommendations.

## ANALYSIS

I.  The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

   According to petitioner's second amended petition, on August 21, 2006, he was convicted in the Sacramento County Superior Court of first-degree murder and sentenced to twenty-five years to life in state prison. On December 14, 2007, the California Court of Appeal for the Third Appellate District affirmed his conviction. On February 27, 2008, the California Supreme Court denied review.

   For purposes of federal habeas review, petitioner's conviction therefore became final on May 27, 2008, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on May 28, 2008, and expired one year later on May 27, 2009. Even with application of the mailbox rule, petitioner did not file his original federal habeas petition with this court until March 6, 2010. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely by over nine months unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of

4

limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner acknowledges that he has not filed any petitions for writ of habeas corpus in state court challenging the underlying judgment of conviction.  Therefore he is not entitled to any statutory tolling of the one-year statute of limitations.[1]  Moreover, even if the court were to stay this action and allow petitioner to pursue his unexhausted claim in state court "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, by the time petitioner signed his original federal petition and submitted it for filing in federal court on March 6, 2010, more than one year had run on the statute of limitations, rendering his federal habeas petition time-barred.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's second amended petition for a writ of habeas corpus (Doc. No. 11) be dismissed as barred by the statute of limitations;

2. Petitioner's motion for a stay and abeyance (Doc. No. 24) be denied as moot; and

3. This action be closed.

/////

---

[1] Petitioner has presented no facts nor advanced any argument that would entitle him to equitable tolling of the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc)  (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the Board), overruled in part by Swarthout, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: August 1, 2011.

/s/ Dale A. Drozd  
DALE A. DROZD  
UNITED STATES MAGISTRATE JUDGE

DAD:9  
soli0637.156